IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON R. BOYLES,

    Plaintiff,

v.                                      Civil Action No. 5:12CV182
                                                    (STAMP)
WEST VIRGINIA DIVISION
OF CORRECTIONS,
SCOTT PAUGH, MARY KNOTTS
and JIM RUBENSTEIN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Jason R. Boyles, commenced this civil rights action by filing a complaint against the defendants, the West Virginia Division of Corrections ("WVDC"), Jim Rubenstein ("Rubenstein"), Scott Paugh ("Paugh"), and Mary Knotts ("Knotts"), in this Court pursuant to 42 U.S.C. § 1983.  In his complaint, the plaintiff claims that his constitutional rights were violated because he was denied a job at the Martinsburg Correctional Center. The plaintiff asserts that this denial was based on his status as a sexual offender and, therefore, the defendants engaged in discrimination against him.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate David J. Joel for initial review and report and recommendation. Magistrate Judge Joel issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice. In support of this recommendation, the magistrate judge states that the plaintiff's complaint is frivolous, as the plaintiff has not shown that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the plaintiff asked for an extension of time to file objections, which this Court granted. The plaintiff, however, ultimately did not file any objections to the report and recommendation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III.  Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Accordingly, dismissal for frivolity should only be ordered when the legal theories advanced by the complaint are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

The plaintiff claims that the defendants discriminated against him by not providing him a job because of his status as a sexual offender.  As the magistrate judge indicated, 42 U.S.C. § 1983 prohibits the deprivation of any rights guaranteed by the Constitution or law by any person acting under color of state law.

3

Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982). Thus, to establish a claim under § 1983, the plaintiff must show that: (1) the defendants deprived him of a right guaranteed under the Constitution or laws of the United States; and (2) that the deprivation occurred under color of a statute, ordinance, regulation, custom, or usage of the State. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). Based on the weight of authority, this Court agrees with the magistrate judge's finding that there is no constitutional right supporting any claim that a prisoner has a right to any job. Johnson v. Knable, 862 F.2d 314 (4th Cir.) (unpublished) (stating that "prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate"); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (finding that a prisoner has no liberty interest in a prison job assignment); Tennant v. Rubenstein, No. 5:11CV49, 2011 WL 3812625 at *2 (N.D. W. Va. Aug. 26, 2011) (finding prisoner had no liberty interest in prison employment); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982) (finding that inmates have no federal statutory right to prison industry employment); Woodworth v. United States, 44 F. App'x 112 (9th Cir. 2002) (finding that an inmate "has neither a liberty nor a property interest in his prison job"); Grayson v. Federal Prison Industries Factory, 69 F.3d 536 (5th Cir. 1995) (stating that prisoners have no constitutionally protected

4

liberty or property interest in their prison job assignment). Accordingly, because the plaintiff has not asserted that the defendants deprived him of a right guaranteed under the Constitution or laws of the United States, he has failed to state a claim upon which relief can be granted.  Therefore, the plaintiff's complaint must be dismissed as frivolous.

## IV.  Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        October 22, 2013

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE